The Honorable Barbara J. Rothstein

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

NORTHWEST ENVIRONMENTAL
ADVOCATES,

                              Plaintiff,

     v.

UNITED STATES ENVIRONMENTAL
PROTECTION AGENCY, *et al.*

                              Defendants,

     and,

STATE OF WASHINGTON,
DEPARTMENT OF ECOLOGY,

     Defendant-Intervenor.

Case No. 2:19-cv-01537-BJR

**INTERIM CONSENT DECREE**

     WHEREAS, in this lawsuit Northwest Environmental Advocates (NWEA) alleges that

the U.S. Environmental Protection Agency (EPA) has violated mandatory duties related to

Washington State's total maximum daily load (TMDL) program under Section 303(d) of the

Clean Water Act, 33 U.S.C. § 1313(d), and taken actions in violation of the Administrative

Procedure Act, 5 U.S.C. § 706(2)(A);

WHEREAS, on August 21, 2020, the Court granted Washington State Department of

Ecology's (Ecology) motion to intervene in this litigation;

WHEREAS, EPA, NWEA, and Ecology (the Parties) enter this Interim Consent Decree

in an effort to resolve the claims in this lawsuit without the need for contested litigation by

setting out a schedule by which the State will establish certain TMDLs for impaired waters on

the State's Section 303(d) list through the completion of the Interim Consent Decree;

WHEREAS, the Parties have entered a separate Interim Settlement Agreement

establishing a process to develop recommendations for the establishment of TMDLs by

Washington, which Interim Settlement Agreement will become effective once the parties to that

agreement execute it and the Court enters this Interim Consent Decree;

WHEREAS, the Parties anticipate entering a final settlement after the work contemplated

by the Interim Settlement Agreement has been completed;

NOW, THEREFORE, it is hereby ordered as follows:

**I.      TMDL Submissions and Bar on Constructive Submission Litigation**

1.  Ecology shall submit to EPA the completed TMDLs specified in Appendix A attached

    hereto according to the schedule set out in that Appendix.

2.  NWEA shall not, before 34 months following entry of this Interim Consent Decree, file a

    new lawsuit for any claim alleging the constructive submission of no TMDL for any

    Washington water quality limited segment, nor shall NWEA amend any current or future

    lawsuit to add such a claim during that time. Nor shall NWEA, before 32 months following

    entry of this Interim Consent Decree, issue notice of its intent to sue EPA for any such

claim. However, if NWEA dismisses constructive submission claims in *Northwest Environmental Advocates v. U.S. Environmental Protection Agency*, Case No. 2:19-cv-02079-BJR (W.D. Wash.), refiling such claims will not be considered a new lawsuit for purposes of this Interim Consent Decree. Nothing in this Interim Consent Decree shall be construed to limit (a) EPA's rights and arguments in defending against this or any other constructive submission suit or claim that NWEA or any other party may file, or (b) any rights NWEA may have to file a lawsuit and claim against EPA under Section 505 of the Clean Water Act, 33 U.S.C. § 1365, or Administrative Procedure Act, that seeks to compel the Agency to approve or disapprove TMDLs submitted by the State under Paragraph 1, or any defenses EPA may have to any such lawsuit and claim.

**II.    Dispute Resolution**

3.  In the event of a disagreement between the Parties concerning the interpretation of any provision of this Interim Consent Decree or the performance thereof, the dissatisfied Party shall provide the other Parties with written notice of the dispute and a request for negotiations. The Parties agree to negotiate in good faith regarding any disagreement. If the Parties cannot resolve such disagreement within 30 days after receipt of the notice by the other Parties or within such other period of time to which the Parties mutually agree, then any Party may move the Court to resolve the dispute. In accordance with the Federal Rules of Civil Procedure and the Local Rules for the Western District of Washington, the non-moving Parties shall have the opportunity to respond to such motion, and any Party may seek oral argument before the Court.

### III.   Modifications and Extensions

4.   Any term set forth in this Interim Consent Decree, including any deadlines, may be modified by written agreement of the Parties and with notice to the Court.

5.   If any Party seeks to modify the terms of this Interim Consent Decree pursuant to Paragraph 4, above, that Party shall provide the other Parties with written notice of the proposed modification and a request for negotiations. The Parties agree to negotiate in good faith regarding any proposed modification of this Interim Consent Decree. If the Parties agree to a proposed modification, the Parties shall jointly notify the Court of the modification. If the Parties cannot reach agreement regarding the proposed modification within 30 days after receipt of the notice of the proposed modification by the Party seeking modification, or within such other time to which the Parties mutually agree, then any Party may move the Court for such modification, with the exception of the provisions in Paragraph 2. Pursuant to the Federal Rules of Civil Procedure and the Local Rules for the Western District of Washington, the non-moving Parties shall have the opportunity to respond to such motion, and any Party may seek oral argument before the Court.

### IV.   Effective Date

6.   This Interim Consent Decree shall become effective upon the date of its entry by the Court. If for any reason the Court does not enter this Interim Consent Decree, the obligations set forth herein are null and void.

### V.   Notice and Correspondence

7.   Any notice, including correspondence, required or made with respect to this Interim Consent Decree, shall be in writing and shall be effective upon receipt. For any matter relating to this Interim Consent Decree, the contact persons are:

INTERIM CONSENT DECREE                4
Case No. 2:19-cv-01537-BJR

1

For EPA:

2

David Kaplan
david.kaplan@usdoj.gov

3

4

Gus Maxwell
gustavus.maxwell@usdoj.gov

5

Elise O'Dea
odea.elise@epa.gov

6

7

Alex Fidis
fidis.alexander@epa.gov

For NWEA:

8

9

James Saul
jsaul@lclark.edu

10

11

Andrew Hawley
hawley@westernlaw.org

For Ecology:

12

13

Ron Lavigne
ronald.lavigne@atg.wa.gov

14

15

Upon written notice to the other Parties, any Party may designate a successor contact

16

person for any matter relating to this Interim Consent Decree.

**VI.     Unforeseen Circumstances**

17

18

8. The possibility exists that circumstances outside the reasonable control of the Parties could

19

delay compliance with the deadlines specified in this Interim Consent Decree. Such

20

circumstances include, but are not limited to, a lapse in State or federal government

funding, an environmental disaster that would require EPA or State employees to divert

21

resources away from this project, and the unexpected need for additional, necessary

22

information to issue a particular TMDL. Should a delay occur due to circumstances outside

23

the reasonable control of the Parties, any resulting failure to meet the deadlines set forth

24

herein shall not constitute a failure to comply with the terms of this Interim Consent

25

Decree, and any deadlines affected by that delay shall be extended one day for each day of

26

the delay. Any Party that seeks to invoke this term of the Interim Consent Decree shall

1   provide the other Parties with notice and an explanation of their basis for invoking this

2   paragraph as soon as is reasonably possible. The other Parties may challenge the invocation

3   of this term of the Interim Consent Decree under the dispute resolution terms of Paragraph

4   3 of this Interim Consent Decree, and the Party seeking the invocation of this term shall

5   bear the burden of justifying its activation.

## VII.    Mutual Drafting and Construction

9.   This Interim Consent Decree is the product of good faith, arm's length negotiations by all
     Parties, with each contributing to its drafting. Accordingly, the Parties agree that any and all
     rules of construction to the effect that ambiguity is construed against the drafting party shall
     be inapplicable in any dispute concerning the terms, meaning, or interpretation of this
     Interim Consent Decree.

## VIII.   Scope of Interim Consent Decree

10.  Nothing in the terms of this Interim Consent Decree shall be construed to limit or modify
     the discretion accorded EPA or Ecology under the Clean Water Act or by general principles
     of administrative law. Nothing in this Interim Consent Decree shall be construed to make
     any other person or entity not executing this Interim Consent Decree a third-party
     beneficiary thereof.

11.  The separate Interim Settlement Agreement is not incorporated into this Interim Consent
     Decree and that Interim Settlement Agreement is not an enforceable court order.

12.  The Parties agree that this Interim Consent Decree is fair, reasonable, and in the public
     interest. This Interim Consent Decree is not and shall not constitute or be construed as an
     admission by EPA or Ecology of any factual or legal allegations made by NWEA, an
     admission of liability, or an admission of any other kind. Neither this Interim Consent
     Decree nor any Party's performance thereunder is intended to have, and shall not be
     deemed to have, any evidentiary or precedential effect in any other judicial or
     administrative action involving claims asserted against EPA or Ecology.

**IX.     Counterparts**

13. This Interim Consent Decree may be executed in any number of counterpart originals, each of which shall be deemed to constitute an original agreement, and all of which shall constitute one agreement. The execution of one counterpart by any Party shall have the same force and effect as if that Party had signed all other counterparts.

**X.     Applicable Law**

14. This Interim Consent Decree shall be governed by and construed under the laws of the United States.

**XI.     Compliance With Other Laws**

15. No provision in this Interim Consent Decree shall be interpreted as or constitute a commitment or requirement that EPA take action in contravention of the Administrative Procedure Act, 5 U.S.C. §§ 551–559, 701–706; the Clean Water Act, 33 U.S.C. §§ 1251–1387; the Anti-Deficiency Act, 31 U.S.C. § 1341; or any other law or regulation, either substantive or procedural.

**XII.     Representative Authority**

16. Each person signing this Interim Consent Decree certifies that he or she has been duly authorized to enter into and execute the terms and conditions of this Interim Consent Decree by the Party on whose behalf it is indicated that the person is signing, and to legally bind such Party to this Interim Consent Decree. By signing below, all of the Parties consent to the entry of this Interim Consent Decree.

1  TODD KIM
   Assistant Attorney General

2

3  *[signature]*                          DATED: 12/18/23

4  DAVID KAPLAN
   GUS MAXWELL
5  United States Department of Justice
   Environment & Natural Resources Division
6  Environmental Defense Section
   (202) 514-0997
7  david.kaplan@usdoj.gov
   (202) 598-3307
8  gustavus.maxwell@usdoj.gov

9  *Attorneys for Defendants*

10

11 *[signature]*                          DATED: 12/5/23

12 JAMES N. SAUL (OSB #1067236)
   (Admitted *Pro hac vice*)
13 Earthrise Law Center
   Lewis & Clark Law School
14 10015 SW Terwilliger Blvd.
   Portland, OR 97219
15 (503) 768-6929
   jsaul@lclark.edu
16

17 ANDREW HAWLEY (WSBA # 53052)
   Western Environmental Law Center
18 1402 3rd Ave., Suite 1022
   Seattle, WA 98101
19 (206) 487-7250
   hawley@westernlaw.org
20

21

22 *Attorneys for Plaintiff Northwest*
   *Environmental Advocates*
23

24 ROBERT W. FERGUSON
   Attorney General
25
   *[signature]*                          DATED: 12/7/23
26
   RONALD L. LAVIGNE, WSBA #18550

   INTERIM CONSENT                    8
   DECREE
   Case No. 2:19-cv-01537-BJR

1  Senior Counsel
   Office of the Attorney General
2  Ecology Division
   P.O. Box 40117
3  Olympia, WA 98504-0117
   360-586-6751
4  ronald.lavigne@atg.wa.gov

5  *Attorneys for Defendant-Intervenor*
6  *State of Washington, Department of Ecology*

7

8        Respectfully submitted on December 18, 2023.

9

10       IT IS SO ORDERED, this 21st day of December 2023.

11

12

13

14  _____
    Barbara Jacobs Rothstein
15  United States District Judge

16

17

18

19

20

21

22

23

24

25

26

INTERIM CONSENT DECREE                    9
Case No. 2:19-cv-01537-BJR

**APPENDIX A**
**Interim TMDL Schedule for the State of Washington**

| Waterbody / WQLS | Parameter(s) | Date for Ecology's Submission to EPA |
|---|---|---|
| Soos Creek<br><br>(Listings 70150, 70161, 70162, 70181, 70193, 70186, & 70187) | Fine Sediment | December 2025 |
| Drayton Harbor | Bacteria | December 2025 |

Interim Consent Decree, Appendix A
*Nw. Envtl. Advocates v. U.S. Envtl. Protection Agency*
W.D. Wash. No. 19-cv-01537
Page 1 of 1